In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00084-CR
_____

KENNETH WAYNE GLOVER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 11-06-06204 CR

## MEMORANDUM OPINION

A jury convicted Kenneth Wayne Glover of driving while intoxicated, third offense or more, and sentenced Glover to life in prison. In two appellate issues, Glover challenges his sentence as excessive and the evidence as insufficient to support a deadly weapon finding. We affirm the trial court's judgment as modified.

### Sufficiency of the Evidence

In issue two, Glover argues that the evidence is insufficient to support a deadly weapon finding because the evidence does not show that he lost control of

his vehicle, swerved into other lanes, or disregarded traffic signs and that the presence of other drivers does not establish that his vehicle was capable of causing death and serious bodily injury. Under a legal sufficiency standard, we assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13.

A person commits the offense of driving while intoxicated when he is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2013).[1] A "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id*. at § 1.07(a)(17)(B) (West Supp. 2013). Texas law authorizes a deadly weapon finding in felony DWI cases. *Sierra v. State*, 280 S.W.3d 250, 254 (Tex. Crim. App. 2009). We first address the manner in which the defendant used the motor vehicle during the offense, considering factors such as (1) intoxication; (2)

---

[1]In this opinion, we cite to the current versions of the Texas Penal Code because the amendments to those statutes do not affect the outcome of this appeal.

speeding; (3) disregarding traffic signs and signals; (4) driving erratically; and (5) failure to control the vehicle. *Id.* at 255; *Pointe v. State*, 371 S.W.3d 527, 532 (Tex. App.—Beaumont 2012, no pet.). We then address whether, during the offense, the motor vehicle was capable of causing death or serious bodily injury. *Sierra*, 280 S.W.3d at 255. The record must demonstrate more than a merely hypothetical potential for danger. *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003). "[A] deadly weapon finding is appropriate on a sufficient showing of actual danger, such as evidence that another motorist was on the highway at the same time and place as the defendant when the defendant drove in a dangerous manner." *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).

Deputy Keith Berger testified that on June 4, 2011, he stopped a pick-up truck that had been speeding. Berger identified Glover as the driver of the pick-up, and he testified that a female passenger was in the pick-up. Glover told Berger two different stories regarding the location from which he was traveling and erroneously gave Berger his Houston Port Authority identification card instead of his license. Berger smelled a strong odor of alcohol on Glover's breath and noticed that Glover's speech was slurred and his eyes were watery and glossy. Berger found bottles of tequila and margarita mix in the pick-up. Berger testified that Glover cooperated and told Berger that he had two margaritas that night.

3

Berger administered the horizontal gaze nystagmus field sobriety test and observed lack of smooth pursuit and distinct and sustained nystagmus at maximum deviation in Glover's eyes. Berger also conducted the walk and turn test, during which Glover failed to keep his balance during the instructional phase, stepped off the line, used his arms for balance, stopped walking, and missed heel to toe. Finally, Berger administered the one leg stand, and Glover swayed while balancing, hopped, put his foot down, and raised his arms for balance. Berger testified that the results of these tests indicated intoxication. Berger also testified that Glover's demeanor changed from nice to belligerent at times, which is consistent with intoxication. Berger concluded that Glover had lost his ability to drive safely.

Berger testified that Glover submitted to the portable breath test, but that a reading could not be obtained because Glover did not give a proper breath sample, which Berger stated is a sign of intoxication. Stephanie Olofson, a forensic scientist, testified that Glover's blood alcohol concentration was .132 grams of alcohol per 100 milliliters of blood. Dr. Ronald Tisdell testified that Glover's blood alcohol content was over .08 at the time of the traffic stop.

Debra Johnson testified that she was the passenger in Glover's pick-up. Johnson testified that Glover had three to five alcoholic beverages that night. She

4

also admitted to mixing a drink inside the vehicle before the traffic stop. She opined that Glover was intoxicated and had too many drinks to be driving. In a letter to Johnson, Glover stated that he "got drunk[]" and "none of whatever happened would have happened if I obeyed the law." Glover testified that operating a vehicle over the speed limit is dangerous and that his pick-up is capable of causing death or serious bodily injury.

The record demonstrates that Glover was both intoxicated and speeding and that other drivers were present during commission of the offense. However, the record does not contain any other evidence that Glover was driving recklessly, and the jury could not speculate that Glover's operation of the pick-up during the offense put another person or motorist in actual danger of death or serious bodily injury. *See Brister v. State*, 414 S.W.3d 336, 344 (Tex. App.—Beaumont 2013, pet. granted) ("[N]o reasonable inference arises that Brister used the motor vehicle as a deadly weapon on the night in question because the State failed to show that Brister's use of his motor vehicle placed others in actual danger of death or serious bodily injury."); *see also Pointe*, 371 S.W.3d at 532 ("While a jury may draw multiple reasonable inferences from the evidence, it cannot draw conclusions based on speculation."). Even viewing the evidence in the light most favorable to the verdict, a rational jury could not find, beyond a reasonable doubt, that the manner

5

in which Glover used his vehicle was capable of causing death or serious bodily injury. *See* Tex. Penal Code Ann. § 1.07(a)(17)(B); *see also Sierra*, 280 S.W.3d at 255; *Hooper*, 214 S.W.3d at 13; *Brister*, 414 S.W.3d at 344; *Pointe*, 371 S.W.3d at 532. We sustain issue two.

## Excessive Sentence

In issue one, Glover contends that the trial court erroneously denied his verbal motion challenging his sentence. He concedes that his sentence is within the statutory punishment range, but argues that his sentence is disproportionate to the crime. Before closing arguments during the punishment phase of trial, Glover asserted an Eight Amendment objection to the punishment range, which the trial court denied. Glover did not object when his sentence was pronounced, and his motion for new trial does not include an argument challenging his sentence. Accordingly, Glover's complaint on appeal is not preserved for our review. *See* Tex. R. App. P. 33.1(a); *see also Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Even if the issue had been preserved, Glover's sentence is within the applicable punishment range. *See* Tex. Penal Code Ann. § 49.09(b)(2) (West Supp. 2013) (The offense of driving while intoxicated is a third-degree felony if the defendant has previously been convicted two times of any other offense relating to

the operation of a motor vehicle while intoxicated); *see also* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2013) (If in the trial of a felony offense other than a state jail felony, the defendant has previously been finally convicted of two felony offenses, the second of which occurred subsequent to the first previous conviction having become final, the defendant shall be punished by imprisonment for life, or for any term of 25 to 99 years.). The record demonstrates that Glover was convicted of two previous offenses for operating a motor vehicle while intoxicated. Glover also pleaded true to two enhancement paragraphs for the felony offenses of credit card abuse and arson. The jury heard evidence that Glover has prior offenses for evading detention and theft; Johnson obtained a protective order against Glover for assaulting her; Glover had assaulted Johnson on more than one occasion; Glover violated a protective order; Glover abused, assaulted, and stalked a former girlfriend and assaulted her son; Glover has been charged with aggravated battery, criminal restraint, and sexual assault; and Glover has violated parole approximately five times. Under these circumstances, we cannot say that there is a gross disproportionality between the gravity of the offense and the severity of the sentence. *See Graham v. Florida*, 560 U.S. 48, 60 (2010); *see also Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd) ("We are to judge the gravity of the offense in light of the harm caused or threatened to the victim or

7

society, and the culpability of the offender."); *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (A repeat offender's sentence is based on his most recent offense and his criminal history.). We overrule issue one.

In conclusion, we modify the judgment to delete the deadly weapon finding. We affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 12, 2014
Opinion Delivered March 26, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

8

The majority holds that "viewing the evidence in the light most favorable to the verdict, a rational jury could not find, beyond a reasonable doubt, that the manner in which Glover used his vehicle was capable of causing death or serious bodily injury." In my opinion, the majority concludes that the evidence is legally insufficient by reweighing the evidence and by viewing it in a neutral light, not the light most favorable to the jury's verdict. The evidence shows that Deputy Berger pulled Glover over for speeding after determining that Glover was moving at 71 miles per hour in a 55 mile per hour zone. The video from Deputy Berger's patrol car depicts five cars being driven on the opposite side of the highway from the truck Glover was driving. The video also shows that just before Glover changed lanes, moving from the fast lane to the slow lane, the tires on the left side of his truck crossed into the middle turning lane, which was marked by a solid yellow line.

The Court of Criminal Appeals has explained: "Viewing the evidence 'in the light most favorable to the verdict' under a legal-sufficiency standard means that the reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the **sole** judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State*, 323 S.W.3d 893, 899

(Tex. Crim. App. 2010). With respect to the evidence, the jury saw the video depicting the manner that Glover was using his truck; given the additional evidence before the jury showing the speed Glover was driving, Glover's blood-alcohol level, and the traffic on the highway in the vicinity of his truck, it was reasonable for the jury to infer that Glover's truck was capable of causing a death or a serious bodily injury. Also, the evidence showing the manner that Glover used his truck allowed the jury to conclude that Glover drove his truck recklessly. *See Sierra v. State*, 280 S.W.3d 250, 256 (Tex. Crim. App. 2009) (noting that speeding is a factor in evaluating whether a driver has been reckless); *Drichas v. State*, 219 S.W.3d 471, 476 (Tex. App.—Texarkana 2007, pet. ref'd) (stating that a reviewing court must examine the record for "evidence that there were other motorists present at the same time and place as the reckless driving occurred").

In reviewing the jury's findings, the focus of the Court's analysis should be whether, given Glover's intoxication and the traffic that did exist at the same time and place when Glover drove in a reckless manner, was Glover's truck *capable* of causing death or serious bodily injury. This would focus our review on whether the evidence shows that others were actually endangered by Glover's driving before he was stopped. *See Drichas v. State*, 175 S.W.3d 795, 799-800 (Tex. Crim. App. 2005) ("[A] deadly weapon finding is appropriate on a sufficient showing of actual

2

danger, such as evidence that another motorist was on the highway at the 'same time and place' as the defendant when the defendant drove in a dangerous manner."). In my view, the jury's deadly weapon finding is supported by the evidence because Glover's speed and state of intoxication exposed others who were using the highway to the danger of being killed or suffering a serious injury due to impairments in Glover's ability to competently drive his truck. The fact that there was no evidence before the jury of a near miss does not make the jury's inference that Glover's truck was capable of causing a serious injury unreasonable—the *capability* existed even if a collision did not occur or nearly occur. Glover also exposed a passenger in his truck to those same dangers, regardless of the presence of other traffic.

Under *Brooks*, the jury is the sole judge of the weight to give to the testimony of the witnesses. 323 S.W.3d at 899. In my opinion, the danger that Glover posed to his passenger and other motorists due to his intoxication and the speed he chose to travel, when coupled with the jury's opportunity to see the tires of his truck enter the turning lane, is legally sufficient evidence that justifies the jury's conclusion that Glover's reckless conduct, beyond reasonable doubt, actually placed other motorists in danger of death or serious bodily injury. *See*

*Drichas*, 175 S.W.3d at 798. I would not overturn the jury's deadly weapon finding; because the majority does so, I respectfully dissent.

_____

HOLLIS HORTON
Justice

Dissent Delivered
March 26, 2014